## Commonwealth ex rel. Nowakowski v. Maroney

*Edward John Nowakowski*, p.p. relator.

EVANS, J., July 12, 1963.—This matter is before the court on a petition for a writ of habeas corpus in

which it is averred that petitioner was found guilty of the crime of burglary under perjured testimony of Douglas E. Smith.

After being so convicted, petitioner was sentenced to serve a term of imprisonment from three to seven years, and thereafter was convicted of prison breach for which, after he was apprehended, an additional term of four to ten years was imposed. At both trials and at the time of both sentences, he was represented by counsel.

Subsequently, he made a motion for arrest of judgment and new trial, both of which motions were refused November 13, 1959. Later, at May term, 1959, no. 212, and September term, 1959, no. 575, petitions for writs of habeas corpus were considered and refused under the allegations now before us, and we again conclude that petitioner's contentions are without merit.

Inasmuch as petitioner has attached to his petition a copy of a letter from George L. Wilson, clerk of courts, showing that Douglas E. Smith plead guilty to a charge of perjury at November sessions 1957, no. 135, and from that it might be concluded that defendant was convicted at his trial on perjured testimony, it is necessary that we comment thereon.

At an alderman's hearing held October 9, 1957, Douglas E. Smith testified that he, with this petitioner, were guilty of the burglary for which the jury later found this petitioner guilty. At a later hearing before the jury, Douglas E. Smith testified that this petitioner was not guilty, and it is therefore obvious that such testimony was favorable to petitioner. However, Douglas E. Smith was charged with, and later pleaded guilty to, perjury at the trial before the jury where he attempted to exonerate petitioner from responsibility.

And now, to wit, July 12, 1963, the prayer of the petition is refused. Prothonotary is directed to file the petition of record and forward to petitioner a copy of this opinion at the State Correctional Institution Pittsburgh 33, Pa.